IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SBN-DVI, LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-02-114 |
| | § | |
| | § | |
| WALTER F. CROWDER, ET AL. | § | |

## ORDER

Before the Court by consent of the parties are "Defendants Nurses To Go, Inc.'s, Mississippi Regional Home Health of San Antonio, Inc.'s, and Walter F. Crowder's ("Defendants") Second Motion for Summary Judgment" and "Plaintiff's Cross Motion for Summary Judgment."

At issue in this case is whether an agreement between Plaintiff's predecessor in interest, MedCapital Funding I Corp., and Defendants constitutes a sale or loan of Medicare funds. Defendants argue that the agreement must be construed as a sale of Medicare receivables and rely, in large part, on the recent decision of the Provider Reimbursement Review Board ("PRRB") in *Guaynabo Home Care, Inc. v. Blue Cross Blue Shield Assoc./United Government Services*, PRRB Decision 2005-D1 (Oct. 29, 2004). The PRRB held that the issue of whether or not the agreement before it constituted a sale or loan of Medicare receivables was governed by FAS 125 issued by the Financial Accounting Standards Board. Based on an examination of the contractual agreement between the parties before it, the PRRB decided that the costs at issue constituted a sale.

1

Plaintiff claims that 42 C.F.R. § 405.1871 precludes a PRRB decision from being a precedent in any other case.  That regulation contains no such language, and Plaintiff provides no other legal support for its claim.  Defendants argue that *Guaynabo* is determinative because the agreement at issue before this Court is the same form contract that was reviewed by the PRRB.  While *Guaynabo* appears to be significant support for Defendants' argument, the contract reviewed by the PRRB is not part of the Board's ruling, and neither party has supplied a copy of it.  The Court therefore has no summary judgment evidence before it to substantiate Defendants' claim that the agreement they entered with Plaintiff was a form contract identical, in pertinent parts, to the one at issue in *Guaynabo*.

Defendants support their argument by claiming that the monies paid on Medicare receivables were deposited in a sweep account that was, in fact, controlled by Plaintiff, not Defendant – a situation that allegedly violates the Medicare anti-assignment rules.  Again, however, the evidence fails to demonstrate this crucial fact.  Defendants rely on deposition testimony by Walter Crowder that an unnamed third party at the bank where the money was deposited told an unnamed bank officer to tell Crowder that he could not access the funds.  This testimony constitutes double hearsay that this Court has no discretion to consider on summary judgment.  *Martin v. John W. Stone Oil Dist., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).  The Court therefore cannot say at this time that, as a matter of law, Defendants had no control over the relevant bank accounts.  Accordingly, while the Court strongly suspects the agreement constitutes a sale of assets, it cannot grant the Defendants' motion based on the summary judgment evidence before it at this time.

Plaintiff's Cross Motion fares no better.  Plaintiff relies heavily on an affidavit given by

certified public accountant John Lewis. Defendants have made extensive objections to the affidavit, and the Court finds that they are well taken. Lewis declares himself to be "a healthcare compliance professional." Plaintiff appears to offer Lewis's testimony as that of an expert witness but makes no effort to satisfy the factors for such evidence required by *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The affidavit gives no indication of what expertise or experience Lewis has, and Plaintiff has not even provided a resume for Lewis in response to Defendants' objections. In addition, the affidavit provides extensive opinion testimony on documents that are not attached or otherwise in evidence, and it offers legal opinions that would appear not to be within Lewis's expertise as a CPA. Much the same objections apply to the affidavit of certified public accountant Sam Cole.

Plaintiff argues that its Cross Motion should be granted because Defendants filed annual cost reports requesting reimbursement of the disputed interest and service agreement charges for the years 1999, 2000, and 2001, and claims that Defendants were fully reimbursed by Medicare for those charges. However, Plaintiff provides no evidentiary support for this claim, and Defendants have raised a factual dispute as to whether the reimbursements were for all three years or only for 1999. Defendants' Reply at 12-13.

Allied to this argument, Plaintiff also claims that this Court is without jurisdiction to reopen reimbursement issues relating to 1999-2001 because Defendants did not seek a full administrative review. Plaintiff's Response, Section B. Although Plaintiff provides a detailed exposition of rules governing Medicare reimbursement, it fails to provide in Section B more than a bare statement of alleged facts related to the administrative history of the claims over which the Court is said not to have jurisdiction. The evidentiary record attached to Plaintiff's Cross

Motion does not throw any additional light on this claim. As Defendants indicate in their Reply, the facts relating to Plaintiff's jurisdictional argument are more complex than Plaintiff states. But the Court cannot say at this time that the argument itself is merely a "red herring," as Defendants allege, because neither party has adequately addressed the legal or factual issues related to this jurisdictional argument.

The Plaintiff's argument that the reimbursement determinations by the Intermediary conclusively establish, by inference, the legality of the of the underlying agreement is, in the opinion of this Court, wholly without merit.

For these reasons, it is **ORDERED** that Plaintiff's Motion for Summary Judgment (Instrument No. 141) and Defendants' Cross Motion for Summary Judgment (Instrument No. 144) are both **DENIED**.

**DONE** at Galveston, Texas this      10th      day of January, 2006.

John R. Froeschner
United States Magistrate Judge