IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SBN-DVI, LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-02-114 |
| | § | |
| | § | |
| WALTER F. CROWDER, ET AL. | § | |

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment on Defendants' Counterclaims. At issue in this case is whether an agreement between Plaintiff's predecessor in interest, MedCapital Funding I Corp., and Defendants constitutes a sale or loan of Medicare funds. In light of previous summaries of the facts of this case, the Court omits a discussion of the case's background events.

Plaintiff argues that it is entitled to summary judgment on an alleged "illegal contract" claim contained in Defendants' Counterclaim. This is a puzzling argument because, although the Counterclaim alleges breach of contract, there is clearly no "illegal contract claim" contained within this allegation. *See* Defendants' Counterclaim at ¶¶ 32-36. As Defendants correctly note, the claim of an illegal contract was raised as an affirmative defense against Plaintiff's claims, not as an independent action within the Counterclaim. Plaintiff is therefore not entitled to summary judgment against the Counterclaim on this ground.

Plaintiff next claims that it is entitled to summary judgment on Defendants' fraud claim because Defendants assumed the contracts at issue from Plaintiff's predecessor's bankruptcy estate free of this liability. The Asset Purchase Agreement states that Plaintiff would not assume any liability incurred as a result of the "Seller's gross negligence or willful misconduct." Asset Purchase

Agreement at § 2.3(c)(i). Plaintiff argues that intent is an essential element of fraud and that it is therefore free of any liability based on the Purchase Agreement's language.

Texas law does not require that intent rise to the level of willful conduct. Instead, it demands that: (1) the party to be charged made a material misrepresentation that was false; (2) it knew the representation was false or made it recklessly as a positive assertion without knowledge of the truth; (3) it intended to induce the aggrieved party to act on the representation; and (4) the aggrieved party actually and justifiably relied on it. *Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). As such, fraud can be proven under Texas law by showing mere recklessness, which does not require knowledge of the truthfulness of the representation in question. *J.L. Williams & Co., Inc. v. Robert McKee, Inc.*, 612 S.W.2d 649, 651 (Tex. App. - Dallas 1981).

The burden of showing that the Purchase Agreement's language encompasses the Texas standard for fraud lies with Plaintiff as the moving party. Instead of arguing the point with relevant caselaw, Plaintiff provides only a three-sentence statement that essentially requires this Court to undertake the legal analysis Plaintiff itself is required to show. In the absence of any meaningful argument, the Court therefore declines to find at this point that Plaintiff is entitled to summary judgment as a matter of law on this issue.

Finally, Plaintiff argues that Defendants cannot assert any claim for damages against it under 11 U.S.C. § 636(f) because that provision states that a court may order property sold "free and clear" of any interests after proper notice and hearing. While this is true, Plaintiff's reliance on *MacArthur v. Johns Mansfield Corp.*, 837 F.2d 89 (2nd Cir. 1988) is unavailing to show that the statute's language has any relevance to the issues at stake here. In that case, the appellate court disallowed a labor union's claims for certain remedies following the sale of bankruptcy assets, not because of

a statutory bar against such claims, but merely because the union had failed to assert an objection to the Bankruptcy Court's order when it had the chance to do so. As Defendants correctly state, Plaintiff is subject to the specific terms of the Asset Purchase Agreement itself, and bankruptcy itself does not *per se* discharge obligations contained in a purchase agreement. *In re: Allegheny Health, Education and Research Found. et al.*, 383 F.3d 169 (3rd Cir. 2004). Plaintiff has therefore failed to show that the statute it relies on precludes the Counterclaims asserted by Defendants or prohibits affirmative relief against Plaintiff.

For these reasons, it is **ORDERED** that Plaintiff's Motion for Summary Judgment (Instrument No. 166) is **DENIED**.

**DONE** at Galveston, Texas this \_\_\_\_12th\_\_\_\_ day of April, 2006.

_____
John R. Froeschner
United States Magistrate Judge