IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SBN-DVI, LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-02-114 |
| | § | |
| | § | |
| WALTER F. CROWDER, ET AL. | § | |

## ORDER

Before the Court is Defendants Nurses to Go, Inc., Mississippi Regional Home Health of San Antonio, Inc., and Walter Crowder's ("Defendants") Supplemental Motion for Summary Judgment. In light of the previous rulings in this case, the Court foregoes a summary of the factual background and legal issues at stake here.

Defendants argue in a straightforward manner that the Provider Reimbursement Review Board's ("PRRB") decision in *Guaynabo Home Care, Inc. v. Blue Cross Blue Shield Assoc./United Gov. Servs.*, PRRB Dec. 2005-D1 (Oct. 29, 2004) provides conclusive proof that they are entitled to summary judgment in this case. In its January 10, 2006, ruling this Court stated that *Guaynabo* appeared to provide significant support for Defendants but that the actual contract under review in that case had not been provided. The parties have subsequently obtained the agreement, and Defendants point to the fact that the crucial provisions of the contracts in *Guaynabo* and here are identical.

1

Section 10.04 of the *Guaynabo* contract states: "Optional Call: Upon giving thirty (30) days written notice to MEDCAPITAL, PROVIDER shall have the right to repurchase all, but not less than all, of the Healthcare Receivables for a Repurchase Price equal to the then outstanding principal amount of the proceeds." Section 10.04 of the contract between the parties in this case contains the same language. Defendants' Exs. B & C. Defendants contend that this provision, without more, requires the Court to find the funding agreement at stake to be in violation of the Medicare Anti-Assignment Laws based on the *Guaynabo* decision. Plaintiffs have argued in the past that a PRRB decision cannot act as binding authority in subsequent disputes.

However, the Court need not address whether *Guaynabo* determines the outcome at this point or not because Defendants fail to address the full reasoning of the PRRB decision they rely on. The *Guaynabo* decision did not exclusively rely on the mere fact that Section 10.04 contained the language it did. Instead, the PRRB invoked evidence before it that the providers in that case could not effectively *exercise* the option contained in Section 10.04 because most of the receivables were liquidated within fourteen days of billing. *Guaynabo* at p.4. It was this failure to obtain the benefit of Section 10.04, not the language of that provision standing alone, that persuaded the PRRB to rule as it did.

This Court's earlier order found that Defendants had failed to provide a factual basis for concluding that they did not have control over Medicare receivables in a sweep account because Defendants had provided only double hearsay evidence. The Supplemental Motion now before the Court fails to provide any evidence of such control or that the same conditions before the PRRB in *Guaynabo* are present here. Construing the evidence in Plaintiff's favor as it must, the Court cannot

find that Defendants have carried their burden of proof of showing that they are entitled to summary judgment.

It is therefore **ORDERED** that Defendants' Supplemental Motion for Summary Judgment (Instrument No. 173) is **DENIED**.

**DONE** at Galveston, Texas this      24th      day of April, 2006.

John R. Froeschner
United States Magistrate Judge