IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| SBN-DVI, LLC | § |
| | § |
| VS. | § CIVIL ACTION NO. G-02-114 |
| | § |
| WALTER F. CROWDER, ET AL. | § |

## OPINION AND ORDER

Before the Court are several post-trial Motions submitted by the Parties. The Court, after careful consideration of the Motions and arguments of counsel and a review of the trial testimony now issues this Opinion and Order.

This case presents a sad example of a legally directed result which appears, under any notion of fair play, to be simply unjust. For almost four years the lecherous predecessors of Plaintiff's interests sucked increasingly larger amounts of unearned monies from the Defendants' medicare receivables pursuant to contracts establishing what has now been shown to be illegal and unenforceable factoring arrangements.[1] After the Defendants pulled the plug in December 2001, the predecessors sued the Defendants, in 2002, for alleged indebtedness under the contracts. After the Defendants had asserted counter-claims, the predecessors filed for bankruptcy in 2003. On September 9, 2004, the current Plaintiff, SBN-DVI, LLC (SBN), out-bid Defendant Walter

---

[1] At trial, the Plaintiff offered no evidence that contradicted the Defendants' evidence that they had no control over the relevant sweep account and no meaningful way to repurchase the receivables under the terms of the contracts. Since the Defendants' uncontradicted evidence established those facts, the factual dispute which precluded entry of a pre-trial Motion for Summary Judgment was determined in the Defendants' favor and the contracts were proven to be illegal and, therefore, unenforceable under the reasoning of Guaynabo Home Care, Inc. v. Blue Cross Blue Shield Assoc./United Government Servs., PRRB, Dec. 2005-D1 (Oct. 29, 2004)

Crowder's $1 million effort to buy his peace at a public sale in the bankruptcy proceedings and purchased, for $1.3 million, the loan portfolio including the contracts providing for the Defendants' potential liability. Under the bankruptcy Purchase Agreement, SBN assumed liability arising under the counter-claims, but only to the extent that any such liability did not arise from the willful conduct of its predecessors and did not exceed the principal balance due by the Defendants, if any, under the contracts. Insulated from liability, SBN assumed control as the new Plaintiff in this action. After trial, a Jury rejected SBN's claims; found that SBN's predecessors had breached the contracts and committed fraud; and awarded the Defendants approximately $1.7 million. SBN now, in post-trial Motions, seeks to avoid liability for the sins of its predecessors. Unfortunately, for the Defendants, the Court is of the opinion that it is legally bound to offer SBN sanctuary.

## PLAINTIFF'S MOTIONS TO ALTER OR AMEND JUDGMENT

The Jury found the actions of SBN's predecessors were fraudulent. The bankruptcy court-approved Purchase Agreement provided that SBN did not assume any liability resulting from the "gross negligence or willful misconduct" of its predecessors. SBN argues that this precludes a recovery against it for fraud. The Defendants argue that a fraud claim can be based upon "reckless" conduct which falls outside the contractual bar. Recklessness, however, equates with a "conscious disregard" of a risk of harm and a "gross deviation from what a reasonable person would do." See Black's Law Dictionary, 8th Ed. (2004)   Clearly, the language of the Agreement encompasses the Defendants' fraud claim. At trial, there was no evidence that SBN made any fraudulent misrepresentations to the Defendants or authorized anyone else to do so on its behalf. Indeed, the Defendants conceded that any fraud finding by the Jury had to be limited to the Jury's

consideration of the acts of SBN's predecessors. Under Texas law a person cannot be held liable for a fraudulent misrepresentation unless he made it or authorized another to make it for him or participated therein. Elliot v. Tilton, 89 F.3d 260, 264 (5th Cir. 1996)    Without evidence of some participation by SBN, there can be no attribution to SBN of its predecessors' fraudulent conduct. Therefore, the Defendants are precluded from asserting a fraud claim against SBN.

The Defendants' recovery of damages from SBN for breach of contract is also barred by the bankruptcy court-approved Agreement. This Court, construing the language of the Agreement in favor of the Defendants, has tried to formulate a reasonable interpretation of the Agreement's language which would preserve the Defendants' recovery, but has been unable to do so. In pertinent part, the Agreement states that SBN's potential liability on any counter-claim "shall not exceed the outstanding balance due" by the Defendants to SBN's predecessors. While the Agreement could have been more artfully drafted, its only reasonable interpretation is clear: as against SBN, the best the Defendants can achieve is an avoidance of any alleged debt. The Defendants' arguments to the contrary, while creative, are not sufficiently persuasive. The Jury's award of damages for breach of contract against SBN must be set aside.

For the foregoing reasons, it is the **ORDER** of this Court that the Plaintiffs "Motion to Alter or Amend Judgment" and "Amended Motion to Alter or Amend Judgment" (Instrument nos. 213 and 216) are **GRANTED**.

## PLAINTIFF'S MOTION FOR NEW TRIAL

SBN also claims it is entitled to a new trial on the issue of the liability, if any, of Defendant Walter Crowder on his Guaranty Agreements. The Court disagrees. The Court agrees with the Defendants that the Jury Verdict excusing Defendants' performance under the contracts

3

resulted in a determination that there was no balance remaining due and owing, a necessary element of SBN's claims. Moreover, following the full trial, this Court is convinced that the relevant provisions of the underlying contracts were illegal and, therefore, unenforceable for purposes of recovery of the indebtedness claimed against the Defendants; this finding, likewise, means that SBN could not prove any balance due under the contracts.

It is, therefore, the **ORDER** of this Court that Plaintiff's "Motion for New Trial" and "Amended Motion for New Trial" (Instrument nos. 213 and 216) are **DENIED**.

## DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND MOTION FOR COSTS

This Court has been unable to determine, on its own, whether, in light of the above rulings, the Defendants could still be entitled to receive, as the prevailing party in the contractual disputes, attorney's fees and/or costs from SBN. Accordingly, the Court **ORDERS** the Defendants to submit to the Court, **on or before November 17, 2006**, briefing on these issues; any Response by Plaintiff **SHALL** be submitted **on or before December 8, 2006.**

Upon its disposition of the Defendants' timely Motions for Attorney's Fees and Costs (Instrument nos. 214 and 215), the Court **WILL** issue an Amended Judgment, for entry under Rule 58(a) of the Federal Rules of Civil Procedure, thereby **EXTENDING**, under Rule 58(c)(2) the time for the filing of any Notice of Appeal.

**DONE** at Galveston, Texas, this _____1st_____ day of November, 2006.

John R. Froeschner
United States Magistrate Judge