IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SBN-DVI, LLC | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-02-114 |
| | § | |
| WALTER F. CROWDER, ET AL. | § | |

## OPINION AND ORDER

Before the Court is the "Defendants/Counter-Plaintiffs, Nurses To Go, Inc., Mississippi Regional Home Health of San Antonio, Inc. D/B/A Continued Care Home Health and Walter F. Crowder's Motion for Attorney Fees" and their "Request to Enter Bill of Costs." Plaintiff, SBN-DVI, LLC (SBN-DVI), has filed its "Opposition to Walter Crowder, et al's Motion for Attorneys' Fees and Costs." The Court, after careful consideration of the submissions and arguments of counsel now issues this Opinion and Order.

This Court agrees with the Plaintiff that its finding that the Med-Cap receivables were illegal and unenforceable factoring arrangements precludes any recovery of attorneys' fees by the Defendants. Rogers v. Wolfson, 763 S.W.2d 922, 924 (Tex.App. - - Dallas 1989, no writ)

This Court believes, however, that costs are a different matter. Taxable costs are "a litigation-related expense that the prevailing party is entitled to" recover. Black's Law Dictionary, 8th Edition (2004)  Costs are, to a degree, penal in nature, United States v. Pommerening, 500 F.2d 92, 102 (10th Cir. 1974); their imposition is meant, in part, to punish a party who forces another to successfully litigate against it. In most jurisdictions, including Texas, costs are awarded to a prevailing party pursuant to statute. See Tex.R.Civ.P. 131, formerly Art. 2056, Tex. Rev.Civ.Stat.   As such, an award of costs is a collateral matter, focusing on the conduct of the

litigation itself rather than the issues resolved by the litigation.  Cf. <u>Hairline Creations, Inc. v. Kefalas</u>, 664 F.2d 652, 660 (7th Cir. 1981)     Under such an approach, it seems to this Court that the costs incurred by the Defendants after SBN-DVI purchased the portfolio and elected to continue to pursue this litigation are attributable directly to the continued and unsuccessful litigious efforts of SBN-DVI, they are not attributable in any way to SBN-DVI's predecessor and did not even exist at the time the portfolio was purchased.  These costs were not liabilities of the seller which would be covered under paragraph 2.3(c)(ii) of the Purchase Agreement or potential liabilities excluded by the terms of the Bankruptcy Court's Order.  Therefore, in the opinion of this Court, the Defendants are entitled to recover those costs incurred after SBN-DVI assumed the role of Plaintiff in this litigation.

It is, therefore, the **ORDER** of this Court that the Defendants' Motion for Attorneys' Fees (Instrument no. 214) is **DENIED**.

It is the further **ORDER** of this Court that the request of Defendants to recover their costs (Instrument no. 215) is **GRANTED in part and DENIED in part**; Defendants **SHOULD** submit to this Court a Bill of Costs listing those costs incurred by Defendants as a direct result of the continuation of this litigation by Plaintiff SBN-DVI.  The Court **WILL** incorporate those costs in its Final Judgment.

**DONE** at Galveston, Texas, this _____13th_____ day of February, 2007.

_____
John R. Froeschner
United States Magistrate Judge